IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN MICHAEL LONG,

      Plaintiff,                 No. 2:13-cv-1071 EFB P

      vs.

STANISLAUS SUPERIOR
COURT, et al.,              ORDER DISMISSING ACTION AS FRIVOLOUS
                    PURSUANT TO 28 U.S.C. § 1915(e)(2)
      Defendants.

      /

      Plaintiff is a civil detainee proceeding pro se with this civil rights action under 42 U.S.C. § 1983.[1]  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

      Determining that plaintiff may proceed *in forma pauperis*, however, does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Here, plaintiff's complaint and subsequent filings allege that plaintiff is being denied the right to freely exercise his religion – "specifically, [plaintiff's] right to rule over all." Dckt. No. 1 § IV. Plaintiff alleges that he is "God" of his religion and requests a court order providing that he may "rule omnipotent over each defendant." *Id*; *see also* Dckt. No. 4 (claiming, "I am a king

of the royal family of Jesus," which guarantees "sovereign rulership . . . under no other jurisdiction but my own as God over all"); Dckt. Nos. 5, 7 (including similar claims of plaintiff's proclaimed right to "rule" over all).  Plaintiff's allegations are plainly frivolous under 1915(e)(2) because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional."  *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989).  Accordingly, plaintiff's complaint is dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that this action is dismissed as frivolous and the Clerk is directed to close the case.

Dated:  July 9, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3